IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| QUENTIN L. POSEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 4:21-cv-00375-DGK |
| | ) | Crim. No. 4:16-cr-00338-DGK-01 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO VACATE SENTENCE**

Now before the Court is Movant Earl Jackson's motion to vacate, set aside, or correct his sentence under 42 U.S.C. § 2255. ECF No. 1. He argues his sentence is substantively unreasonable because it demonstrates clear errors in judgment. The Government has moved to dismiss with prejudice Movant's motion as a prohibited attempt to relitigate issues already decided on direct appeal.[1]

**Discussion**

In October 2016, Movant was arrested and indicted for being a felon in possession of a firearm. While on pretrial release, in December 2016, Defendant was arrested as a person of interest in a December 4, 2016, murder. Defendant was arrested at a location where officers recovered a firearm loaded with five rounds of ammunition. A superseding indictment added a second felon in possession charge, but no charges relating to the murder were filed.

In March 2018, Defendant pled guilty to both felon in possession charges, and in July a presentence investigation report ("PSR") calculated an offense level of eighteen, which included

---

[1] The Government had initially argued the motion was untimely but withdrew its argument in light of U.S. Sup. Ct. R. 13.1 extending the filing time, which meant Movant was within the allowable time to file. Order (Mar. 19, 2020), https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf.

a four-level enhancement for possession of a weapon in connection with a felony offense and denied an acceptance of responsibility credit due to Movant's conduct while on pretrial release. Ultimately, the PSR yielded a criminal history category of IV, which led to a guideline range of 41–51 months. Movant objected to the enhancement based on his possession of a firearm with another felony offense and all descriptions of to his role in the December murder. Ultimately, Movant was never charged in connection with the murder.

The Government sought an upward variance of 96-months' imprisonment on each of the two felon in possession counts, with the sentences to run consecutively, based on the factors under 18 U.S.C. § 3553(a). Movant opposed this variance and requested the advisory range. The Court ultimately sentenced Movant to 192 months' imprisonment, a sentence within the statutory maximum. Movant now seeks to vacate his sentence under § 2255, arguing his sentence is substantive unreasonable.

Movant has already litigated the issue of the reasonableness of his sentence, *United States v. Posey*, 803 Fed. App'x 44 (8th Cir. 2020), and the Eighth Circuit affirmed that this Court's reasons for the "significant upward variance . . were sufficiently compelling." *Id.* at 46. Specifically, in his direct appeal, Movant argued "the district court imposed a substantively unreasonable sentence because the nature of the instant offenses did not warrant such a significant upward variance, the Guidelines range properly accounted for his criminal history, and there were serious mitigating factors." *Id*. at 45.

Movant now argues the Court failed to abide by the policies and purposes of the United States Sentences Guidelines in applying an upward variance, and he claims this failure creates a cognizable motion under § 2255. But these are the exact issues already considered in Movant's direct appeal. Movant cannot sidestep the long-established prohibition on relitigating claims raised

on direct appeal by rewording his same claims. *See, e.g.*, *Dall v. United States*, 957 F.2d 571 (8th Cir. 1992); *United States v. Shabazz*, 657 F.2d 189 (8th Cir. 1981).

## Conclusion

Movant's motion to vacate, set aside, or correct his sentence is DENIED. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   August 6, 2021                                          /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT